# COURT OF APPEALS,

## Jan. 1916.

# THE PEOPLE v. HUDSON VALLEY CONSTRUCTION COMPANY.

### (217 N. Y. 172.)

(1.) INDICTMENT *—STATEMENT THAT CRIME WAS COMMITTED IN COUNTY WHERE INDICTMENT WAS FOUND.

An indictment charging a corporation with the commission of a crime does not state that the crime was committed in the county where the indictment was found, but does allege that the company " did unlawfully and feloniously at said time and place " commit the crime charged. Upon looking into the indictment there are found recitals and allegations stating that certain acts initiating the offense charged and constituting part of the crime, were done in that county, and, hence, the grand jury of that county had jurisdiction to indict. In addition thereto certain acts requisite to the consummation of the offense charged are alleged to have been done in the county where the indictment was found, and if they were the indictment could lawfully be found there. (Code Crim. Pro. § 134.)

(2.) DEFENSE THAT PROPERTY WAS APPROPRIATED OPENLY AND IN GOOD FAITH.

Upon the trial of the defendant under the indictment in question a defense relied upon by the defendant was based upon the claim " that the property was appropriated openly and avowedly under a claim of title preferred in good faith." (Penal Law, § 1306.) It is contended that there was erroneously admitted, to show guilty intent on the part of the defendant, evidence of acts not charged in the indictment. *Held,* untenable; that when guilt cannot be predicated upon the mere commission of an act, irrespective of the intent, the guilty knowledge and criminal intent of a defendant may be proved by evidence of his complicity in similar offenses under such circumstances as to support the inference that the act charged was not innocently or inadvertently committed; that the acts proved were sufficiently akin to the offense charged to render proof of them admissible.

* See Notes, Vol. 6, p. 374; 10, 558; 14, 174; 22, 454.

**(3.)** EVIDENCE OF OTHER LARCENIES TO SHOW CRIMINAL INTENT OF THE ACT CHARGED.

Counsel for the defendant contending that the defendant could not be regarded as liable for the acts of its employees without its knowledge, asked the trial court to instruct the jury that certain persons, connected with transactions proved herein, were employees and not officers of defendant. The court left the question to the jury. *Held*, correct; that the proof permitted the jury to find that the wrongful acts attributed to the employees and agents of defendant were performed in its service so methodically and continuously as to indicate the sanction of the corporation, and the court properly charged that the corporation could act only through its officers and agents and was amenable to the law for the acts of its officers and those of its employees of which it had knowledge.

*People* v. *Hudson Valley Construction Co.,* 165 App. Div. 626, affirmed

(Argued April 15, 1915; re-argued November 22, 1915; decided January 25, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 13, 1915, which affirmed a judgment rendered at a Trial Term for the county of Washington convicting the defendant of the crime of grand larceny in the second degree. The facts, so far as material, are stated in the opinion.

*Edgar T. Brackett, Thomas S. Fagan, Wyman S. Bascom* and *George N. Nay* for appellant.

The indictment upon which the appellant was tried was found by a grand jury that had no local jurisdiction in the premises, and for that reason it was void and it shows itself to be void upon its face. (Code Crim. Pro. § 22; People v. Allen, 5 Denio, 76; People v. Mitchell, 168 N. Y. 604; People v. Wicks, 11 App. Div. 539; People v. Dimick, 107 N. Y. 13; People v. Thorn, 21 Misc. Rep. 130.) Evidence offered by the prosecution and received by the court over the several objections and ex-

ceptions of the defendant was incompetent and irrelevant as to any issue raised by the indictment and plea, and its reception constituted reversible error. (Coleman v. People; 55 N. Y. 81; People v. Sharp, 107 N. Y. 427; People v. Molineux, 168 N. Y. 264; People v. Governale, 193 N. Y. 581; People v. Grutz, 212 N. Y. 72; People v. Shea, 147 N. Y. 78.) The defendant is not criminally liable for the acts of employees. It should not have been convicted upon proof of the wrongdoing of any such persons. It should not be here held therefor. (People v. McLaughlin, 150 N. Y. 365; Fraser v. Freeman, 43 N. Y. 566; Comm. v. Stevens, 155 Mass. 291; Grant Bros. Co. v. United States, 114 Pac. Rep. 955; Clark v. Met. Bank, 10 N. Y. Super. Ct. 241.)

*Erskine C. Rogers, District Attorney*, for respondent.

The indictment is sufficient. (Phelps v. People, 6 Hun, 401; 72 N. Y. 334; People v. Klock, 48 Hun, 277; Rex v. Stevens, 5 East, 344; People v. Willis, 158 N. Y. 392; People v. Lammerts, 164 N. Y. 144; People v. McKane, 143 N. Y. 455; People v. Wicks, 11 App. Div. 539; People v. Mitchell, 49 App. Div. 531; People v. Geyer, 132 App. Div. 790; People v. Peckens, 153 N. Y. 589.) The evidence give by the People tending to show the commission of similar larcenies by defendant from the state, other than the one specified in the indictment, was competent and material. (People v. Van Tassell, 156 N. Y. 561; Mayer v. People, 80 N. Y. 376; People v. Murphy, 135 N. Y. 450; People v. Dolan, 186 N. Y. 4; People v. Duffy, 212 N. Y. 57; People v. Peckens, 153 N. Y. 549; Weed v. People, 56 N. Y. 268; People v. Governale, 193 N. Y. 581; People v. Merrin, 205 N. Y. 275.)

WILLARD BARTLETT, Ch.

This is a criminal prosecution against a corporation for ob-

taining money from the state by means of false pretenses. The offense specifically charged in the indictment is grand larceny in the first degree. In 1910 the Hudson Valley Construction Company entered into a contract with duly authorized state officers whereby it undertook to furnish labor and materials in repairing and constructing extra foundations for a dormitory building of the Great Meadow Prison in Washington county. This contract provided that the corporation should be paid the net cost of the labor and materials, plus a percentage profit thereon. The gravamen of the charge in the indictment is that by means of willfully false representations exaggerating the actual cost, the appellant obtained from the state $4,026.67 more than it was entitled to receive under the contract.

The indictment was found in Washington county. It is attacked by demurrer on the ground, among others, that it does not allege that the crime or some part thereof was committed in that county. The indictment certainly leaves much to be desired in the way of definiteness. I think, however, it is possible to uphold it. After stating the false and fraudulent representations relied upon, it alleges, in the seventh paragraph, that the defendants Cornelius V. Collins, Franklin B. Ware, Charles A. Sussdorf, Charles P. Boland, William S. Hamill, Millard S. Goyer, Timothy D. Lenehan, Samuel Blumenthal and Frank W. Lynch and each of them acting together and with intent to deprive and defraud the state of New York of its property and of the use and benefit thereof, " did unlawfully and feloniously at said time and place counsel, induce and procure said Hudson Valley Construction Company to obtain said money by said false and fraudulent representations made as aforesaid and did commit said crime of grand larceny in the first degree." Looking back in the indictment for the antecedent of the word " place " in the allegation quoted, we find no place mentioned until we reach the third paragraph reciting the provisions of

the contract for the repair of the dormitory building of the Great Meadow Prison " at Comstock, Washington County, New York." In the second paragraph there is also mention of " Comstock, Washington County, New York." This, therefore, must be the place at which the indictment charges that the Hudson Valley Construction Company was induced to obtain the money which it subsequently obtained from the state by false pretenses. Its assent to the inducements exerted by the other defendants made them all conspirators; and thus we have an allegation that a conspiracy to commit the crime of grand larceny in the first degree was formed in Washington county. This conspiracy initiating the offense constituted a part of the crime, and hence the grand jury of Washington county had jurisdiction to indict.

There is another ground upon which the jurisdiction of the Washington county grand jury may be sustained. As has already been pointed out, the basis of the indictment is the accusation that the Hudson Valley Construction Company charged the state and obtained therefrom as the cost of work done and materials furnished at Great Meadow in Washington county more than the actual cost of such labor and materials. The doing of the work and the furnishing of the materials were acts requisite to the consummation of the offense of obtaining from the state therefor, by means of false and fraudulent pretenses, moneys in excess of such actual cost and the percentage payable to the corporation as compensation for its services. These acts are alleged to have been done in Washington county, and if they were the indictment could lawfully be found there. " When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county." (Code Crim. Pro. § 134.) In People v. Mitchell (49 App. Div. 531, 14 N. Y. Crim. 539; affd. on opinion below, 168 N. Y. 604) it was held,

against a strong dissent in both courts, that an indictment for larceny in appropriating property in the custody of the defendant as bailee might properly be found under section 134 of the Code of Criminal Procedure in the county where the bailment took place, although no wrongful act was alleged to have been committed in that county and the misappropriation occurred elsewhere.

The preliminary averment in the indictment that the grand jury accuses the defendants of the crime of grand larceny in the first degree, " committed partly in the County of Albany and partly in the town of Fort Ann, Washington County, N. Y.," is not helpful, being merely the averment of a legal conclusion; but for the reasons which have been given we may fairly hold that the grand jury of Washington county had the necessary territorial jurisdiction of the offense.

The most important assignment of error with reference to the trial is the reception of evidence of common-law larcenies to show guilty intent on the part of the defendant accused of larceny committed by false pretenses. Among the defenses relied upon by the defendant was that based upon section 1306 of the Penal Law to the effect " that the property was appropriated openly and avowedly, under a claim of title preferred in good faith." The guilt of the defendant depended upon the intent with which it represented to the auditing officers of the state the amounts claimed to be the cost of the work and materials furnished at the Great Meadow Prison under its contract. When guilt cannot be predicated upon the mere commission of an act, irrespective of the intent, the guilty knowledge and criminal intention of a defendant may be proved " by evidence of his complicity in similar effenses under such circumstances as to support the inference that the act charged was not innocently or inadvertently committed. Familiar illustrations of this exception to the general rule [forbidding proof of other crimes] are to be found in cases of uttering counterfeit money,

in forgery, in obtaining money under false pretenses, and in receiving stolen property." (People v. Katz, 209 N. Y. 311, 328, and cases there cited.) If the evidence of other crimes received on this trial had been merely proof of common-law larcenies pure and simple, involving no element of the ultimate acquisition of property by misrepresentation, its admission could not be justified under the authorities. The necessary similarity in character would be lacking. The learned district attorney, however, contends that the evidence of other larcenies which he gave was confined to larcenies committed by trick and device. While conceding that some of the acts proved might be deemed simple thefts in one aspect, he insists that all ultimately resulted in obtaining money from the state by false pretenses, and, therefore, were properly provable as bearing on the question of intent. I cannot quite see how this was the case in every instance; yet it is true that throughout the series existed the element of misrepresentation as to the transactions under the contract resulting in secret acquisition and gain by the defendant. These acts generally were sufficiently akin to the offense charged to render proof of them admissible. Those in which no feature of similarity is discoverable were not numerous or serious enough to warrant a reversal because proof thereof was erroneously received.

In reference to the acts which were proven to evidence the knowledge and intent of the defendant, its learned counsel contended that the corporatoin could not be regarded as liable for the acts of any of its employees. " I do not mean to say that it is not liable for the acts of its officers," he said, " but of its employees without its knowledge." To this the trial judge assented, saying: " Yes; that is if a corporation had no knowledge of its employees doing something wrong, why that would not charge them with notice of such wrongful acts, because they would not know of it." Counsel then asked for an instruction that certain persons whom he named were employees and not

officers of the Hudson Valley Construction Company. The court responded that such was its recollection, but it left the question to the jury. There was no error here. The proof permitted the jury to find that the wrongful acts attributed to the employees and agents of the defendant were performed in its service so methodically and continuously as to indicate the sanction of the corporation. The court properly charged that the corporation could act only through its officers and agents and was amenable to the law for the acts of its officers and those of its employees of which it had knowledge. This seems to me to be all that the defendant could reasonably ask.

As to the other questions arising upon the appeal, we deem it unnecessary to add anything to what was said in regard to them by the Appellate Division. We think that the trial court proceeded to the limit of judicial discretion in receiving such a mass of evidence as was admitted in proof of acts of misconduct outside the indictment to establish the defendant's criminal intent; but on the whole case, we agree with the court below that the record discloses no error calling for a reversal of the judgment.

The judgment of conviction should be affirmed.

CHASE, CUDDEBACK, CARDOZO and SEABURY, JJ., concur; HISCOCK and HOGAN, JJ., dissent.

Judgment of conviction affirmed.