PEARSON, Judge.
The state appeals from an order dismissing an information which charged Municipal Auto Sales, Inc., with grand larceny and with violating § 520.07, Fla.Stat., F.S.A., by obtaining the signatures of purchasers of an automobile on a retail installment contract which was not completed as to all essential provisions. The trial judge dismissed the information because he found that he failed to allege a crime against Municipal Auto Sales.
The state and the appellee recognized that a corporation may be held criminally responsible for illegal acts of its employees if the acts are (a) related to and committed within the course of employment, (b) committed in furtherance of the business of the corporation, (c) authorized or acquiesced in by the corporation. See People v. Hudson Valley Const. Co., 217 N.Y. 172, 111 N.E. 472 (1916); People v. Canadian Fur Trappers’ Corporation, 248 N.Y. 159, 161 N.E. 455, 59 A.L.R. 372 (1928); United States v. Carter, 311 F.2d 934, 941-942 (6th Cir. 1963). Cf. State ex rel. Losey v. Willard, Fla.1951, 54 So.2d 183; State v. Shouse, Fla.App.1965, 177 So.2d 724, 725. The question on appeal is whether the allegations in the informa *280 tion bring Municipal Auto Sales within the purview of the foregoing rule. The salient allegations of Count I of the information are as follows:
“ * * * RONALD SCHMIDT and FRANK RIZZI, who were then and there employed as salesmen and acting for and in behalf of the defendant, MUNICIPAL AUTO SALES, INC., maintaining business offices at 3061 Northwest 36 Street, Miami, Dade County, Florida, did knowingly represent to GEORGINA E. PEREZ, as purchaser, and TERESA LOPEZ, as co-purchaser and guarantor of said purchase by GEORGINA E. PEREZ, both residents of Dade County, Florida, that the defendant, MUNICIPAL AUTO SALES, INC. had sold a 1964 Corvair four-door automobile bearing serial number 40769W27123 to GEORGINA E. PEREZ and TERESA LOPEZ as aforenoted for ONE THOUSAND ONE HUNDRED FIFTY and NO./100 DOLLARS ($1,150.00); that in reliance upon said representations of the defendants, the said GEORGINA E. PEREZ and TERESA LOPEZ did execute in blank a retain title contract presented them by the defendants and did further pay unto the defendant, MUNICIPAL AUTO SALES, INC. a cash down payment in the amount of THREE HUNDRED and NO/100 DOLLARS ($300.00) on account of the aforenoted sale of the afore-described Chevrolet automobile to them by the defendant, MUNICIPAL AUTO SALES, INC.; that at the time of the presentment to said purchasers by the defendant, the afore-described retain title contract was blank as regards boxes contained thereon for the purchase price and other terms of sale and the purchasers did sign said retain title contract in blank at the request of the defendants on the representation of the defendants that the selling price of said automobile would be in the amount of ONE THOUSAND ONE HUNDRED FIFTY and NO/100 DOLLARS ($1,150.00) and that the said purchasers would receive a completed and executed copy of said retain title agreement from the sellers setting forth the selling price of ONE THOUSAND ONE HUNDRED FIFTY and NO./100 DOLLARS ($1,150.00) and other terms of sale based upon said selling price of ONE THOUSAND ONE HUNDRED FIFTY and NO/100 DOLLARS ($1,-150.00); that, however, the said GEORGINA E. PEREZ did receive from the defendant, MUNICIPAL AUTO SALES, INC. a copy of said aforenoted retain title contract dated December 2, 1965 and signed by GEORGINA E. PEREZ and TERESA LOPEZ as afore-noted setting forth a selling price of said afore-described automobile of ONE THOUSAND FIVE HUNDRED FORTY SEVEN and NO/100 DOLLARS ($1,547.00), which included delivery and handling, State sales tax and title transfer services in the amount of FIFTY-TWO and 20/100 DOLLARS ($52.20) in the place and stead of a selling price of ONE THOUSAND ONE HUNDRED FIFTY and NO./100 DOLLARS ($1,150.00) as represented to the purchasers as aforenoted; that the defendant, MUNICIPAL AUTO SALES, INC., during the period aforesaid, did cause said automobile sale and purchase by GEORGINA E. PEREZ as set forth in the aforenoted retain title contract bearing selling price of ONE THOUSAND FIVE HUNDRED FORTY-SEVEN and NO,/100 Dollars ($1,-547.00) to be financed with the SOUTHERN INDUSTRIAL SAVINGS BANK at 100 Northeast 2 Avenue, Miami, Dade County, Florida, and the defendant, MUNICIPAL AUTO SALES, INC. did receive during the period aforesaid in addition to the aforenoted THREE HUNDRED and NO/100 DOLLARS ($300.00) deposit, a check drawn by the said SOUTHERN INDUSTRIAL SAVINGS BANK and payable to MUNICIPAL AUTO SALES, INC. in the amount of ONE *281 THOUSAND TWO HUNDRED FORTY-SEVEN and 20/100 DOLLARS ($1,247.20) on account of said sale and purchase as well as an additional check payable by SOUTHERN INDUSTRIAL SAVINGS BANK to MUNICIPAL AUTO SALES, INC. in the amount of ONE HUNDRED THIRTY and 80/100 DOLLARS ($130.80) on account of the financing of said purchase by said bank in behalf of GEORGINA E. PEREZ and TERESA LOPEZ. * * * "
* * * * * *
“ * * * the amount of monies received by the defendant, Municipal Auto Sales, Inc., as a result of the aforedescribed fraudulent conduct of the defendants aggregated cash of the value of more than ONE HUNDRED and NO/100 DOLLARS ($100.00), good and lawful money of the United States of America, possession of which said monies the defendants did fraudulently and feloniously obtain and which said monies the defendants did fraudently and feloniously take, steal and carry away from GEORGINA E. PEREZ, TERESA LOPEZ, and SOUTHERN INDUSTRIAL SAVINGS BANK, with intent to deprive or defraud the said true owners, GEORGINA E. PEREZ, TERESA LOPEZ, and SOUTHERN INDUSTRIAL SAVINGS BANK of such property or the use and benefit thereof with intent to appropriate or convert the same to their own use or to that of another or others, said property being the subject of larceny and of the value of more than ONE HUNDRED and NO/100 DOLLARS * * *” (Emphasis added.)
* * * * * *
The foregoing allegations might properly be summarized in the following way: (1) Schmidt and Rizzi while employed as salesmen acting for and in behalf of Municipal Auto Sales perpetrated a fraudulent sale; (2) Municipal Auto Sales received a down payment of $300; (3) Municipal Auto Sales caused the retain title contract resulting from the fraudulent sale to be financed with a bank; (4) Municipal Auto Sales received from the bank of $1,242.20 check for the fraudulent sales contract; (5) Municipal Auto Sales intentionally and feloniously stole property exceeding $100 in value from two named individuals. We conclude that the allegations recited charge that two individuals committed illegal acts related to and within the course of their employment by Municipal Auto Sales in furtherance of its business and that Municipal Auto Sales knowingly received the benefits of those acts and thereby acquiesced in them. We hold that, although it was unartfully drawn, the first count of the information charged Municipal Auto Sales, with the crime of grand largency.
The second count of the information contains the following allegations: (1) the individual defendants were émployed as salesmen and were acting for and in behalf of the corporate defendant; (2) all the defendants knew at the time of the presentment of the retail installment contract to the purchasers that the contract was not complete as to all essential provisions required by § 520.07, Fla.Stat., F.S.A. We reach the same conclusion regarding the second count that we did concerning the first count. We hold that, although it too was unartfully drawn, the second count charged Municipal Auto Sales with the crime of violating § 520.07, Fla.Stat., F.S.A.
For the foregoing reasons the order dismissing the two-count information as to the defendant appellee, Municipal Auto Sales, Inc., is reversed and the cause remanded for further proceedings.
Reversed and remanded.