[Civ. No. 39333. Second Dist., Div. Two. Feb. 4, 1972.]

W. T. GRANT COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Westwick, Collison & Talaga and Robert J. Graham for Petitioner.

No appearance for Respondent.

David D. Minier, District Attorney, Zel Canter and Patrick J. McKinley, Deputy District Attorneys, for Real Party in Interest.

## OPINION

FLEMING, J.—W. T. Grant, a corporation, having been charged with five counts of grand theft (Pen. Code, § 487), seeks to prohibit further prosecution of the charges against it on the ground the information lacked probable cause (Pen. Code, § 999a).

Evidence at the preliminary hearing disclosed that during a three-year period codefendant Michael Candelos, manager of the television department in a Grant store at Santa Barbara, sold used television sets as new sets to Grant's customers. William F. Berry, a television repairman who serviced television sets for Grant, testified he discussed these sales with Candelos and with Hill, the Grant manager: "Mr. Hill and I, we had a— somewhat of a slight argument—about sets, and I asked him at that time how he could repo sets and sell them as new sets again, and he said, told me at the time it was company policy and that was none of my business."

Grant contends the testimony of Berry was hearsay and therefore not competent evidence, and the evidence at the preliminary hearing was insufficient to establish the criminal intent of Grant, a nationwide corporation operating hundreds of stores.

We are not persuaded by Grant's arguments. First, since no objection to Berry's testimony on the ground of hearsay was made at the preliminary hearing, his testimony was properly considered by the court in determining probable cause against Grant. If material and relevant evidence is received by a tribunal without objection, such evidence may be relied upon to support a finding, even though its admission might have been blocked by the invocation of an exclusionary rule. (*Fibreboard Paper Products Corp.* v. *East Bay Union of Machinists,* 227 Cal.App.2d 675, 700 [39 Cal.Rptr. 64].)

Second, Berry's testimony reporting Hill's statement qualified as an exception to the hearsay rule in that it set forth what amounted to an admission by an agent made while acting within the scope of his employment. (Evid. Code, § 1222.) Hill had told Berry and Candelos that the resale of used television sets as new sets was "company policy." As store manager Hill was an agent for Grant (see, e.g., *Hazard, Gould, & Co.* v. *Rosenberg,* 177 Cal. 295, 298-299 [170 P. 612]), and presumptively he was acting on Grant's behalf and furthering the conduct of its business at the time he made this statement to his subordinates. As store manager Hill is deemed to possess the usual and customary authority of a retail store manager, which normally includes authority to fix the terms, conditions, and representations on which company merchandise is sold, and authority to instruct subordinates how to carry out their duties and responsibilities. As Grant's principal executive on the scene he functioned as the company's directing arm and spoke with the voice of its authority. Strangers to Grant's internal operation and organization are entitled to assume that Hill possessed authority to instruct on company sales policy at that particular store. (Evid. Code, § 1222; cf. *Johnson* v. *Bimini Hot Springs,* 56

Cal.App.2d 892, 902 [133 P.2d 650]; *People* v. *Canadian Fur Trappers Corp.* (1928) 248 N.Y. 159 [161 N.E. 455, 458, 59 A.L.R. 372]; *Continental Baking Co.* v. *United States* (6th Cir. 1960) 281 F.2d 137, 149-151; *Egan* v. *United States* (8th Cir. 1943) 137 F.2d 369, 379.) At the trial Grant may produce evidence to rebut the inference of its participation in the charged thefts, and it may demonstrate Hill's lack of authority to establish or interpret company policy along the lines indicated by his admission. But meanwhile Hill's statement suffices to establish for purposes of the preliminary hearing Grant's participation in the thefts. (*Magnolia Motor & Logging Co.* v. *United States* (9th Cir. 1959) 264 F.2d 950, 953-954.)

 Substantively, the evidence furnishes probable cause for the charges of grand theft against Grant, and we think it no longer open to serious doubt that a corporation may commit a crime which requires specific intent. (*New York Central R.R.* v. *United States* (1909) 212 U.S. 481, 494-495 [53 L.Ed. 613, 621-622, 29 S.Ct. 304]; *People* v. *Hudson Valley Const. Co.*, 217 N.Y. 172 [111 N.E. 472, 474-475]; *State* v. *Municipal Auto Sales, Inc.* (Fla. 1969) 222 So.2d 278.) The size of the corporation and the multiplicity of its operations provide no automatic defense to the charges. (*United States* v. *Armour & Co.* (3d Cir. 1948) 168 F.2d 342, 343-344.)

The alternative writ of prohibition is discharged, and a peremptory writ of prohibition is denied.

Compton, J., concurred.

**ROTH, P. J.**—I dissent.

A review of the record, including as it does the reasons given by the committing magistrate and the superior court judge for their orders adverse to petitioner, shows that in addition to the hearsay statement made by the store manager, considerable stress was placed on the possession by petitioner of invoices and records which would or should have revealed to the corporate management of petitioner (other than the department head and store manager) the resale of used television sets as new merchandise.[1]

---

[1]It should be noted that although Candelos, the manager of the television department is joined as a defendant, the store manager Hill who is charged with the hearsay statement, is not made a codefendant.

Cross-examination of Berry, the television repair man who used to work for Grant, revealed that at least in some cases the invoices showing these duplicate sales lacked the serial numbers of the sets and it is therefore problematical how petitioner's responsible executives "operating hundreds of stores" (admitted by the majority) and using all reasonable means of supervision, could or did become aware of such resales which it is conceded occurred five times over a span of three years and were made through petitioner.

The probabilities that five such invoices, even if clearly identifiable as documents showing resales of the same merchandise, would come to the attention of the executive management of a corporation national in scope, with hundreds of outlets, especially since the sales in question could not be considered anything other than minor and routine, are so infinitessimal as to preclude the invocation of the criminal process. There was no attempt to show which of petitioner's executive officers, if any, had access to or a duty to inspect the invoices.

Other than the invoices, the prosecution relied on the hearsay testimony of Berry, quoted by the majority to which incidentally timely objection was made, although not on the ground of hearsay. The grounds of the objection were that no foundation had been laid, and that the question eliciting the statement was leading and ambiguous. An objection must be specific. (Evid. Code, § 353.) However, where, as here, the only evidence which the majority sees fit to detail in its opinion is a statement that was objected to and which, upon trial, could well be excluded on the grounds of hearsay, the lack of technical perfection is excusable. (Where the error in admission of evidence is serious, as it clearly was at bench, even a total failure to object is excusable. (Witkin, Cal. Evidence (2d ed. 1966) p. 1195.)

I find the majority's rationalization of the statement as an admission of an agency relationship totally unsatisfactory, both in law and equity, as the sole premise of petitioner's criminal liability.

I have no doubt that this criminal prosecution, which to me is demonstrably short of any evidence to hold the corporate petitioner, should be prohibited.

Finally, it appears that the statute under which petitioner is being prosecuted does not provide for a fine without imprisonment (Pen. Code, §§ 489, 672), and I don't know how one imprisons a corporation. Criminal prosecution of a corporation such as petitioner under such circumstances

is not only waste motion but lends itself to interpretation as calculated oppression.

I would grant the writ.

Petitioner's application for a hearing by the Supreme Court was denied March 30, 1972.