286 So.2d 208 (1973)
WEST VALLEY ESTATES, INC., Appellant,
v.
STATE of Florida, Appellee.
No. 73-261.
District Court of Appeal of Florida, Second District.
December 5, 1973.
Archie M. Odom of Farr, Farr, Haymans, Moseley & Odom, Punta Gorda, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Baya Harrison, III, Asst. Atty. Gen., Tampa, for appellee.
MANN, Chief Judge.
West Valley Estates, Inc. was convicted of a violation of Florida Statutes § 370.036(5), F.S.A. (1971), which proscribes the dredging and/or filling of submerged land beyond the limits of a dredging permit. On this appeal it asserts the insufficiency of evidence to support the conviction of the corporation for a criminal act.
The Florida operation was under the direction of Wittman, a vice-president of the corporation but described as a "mere salaried employee." As the appellant states, it is uncontroverted that he was authorized to carry out the orders of the president after a determination by the board of directors, that neither the board of directors nor the president ever authorized dredging beyond the limits of the permits and neither the board of directors nor the president had any personal knowledge of it. All of this is not enough to substantiate the corporation's claim that it was improperly convicted of a criminal offense. The evidence was sufficient that Wittman was in charge of the corporation's Florida operation, that he knew the limits of the dredging permit, that he knowingly and willfully permitted, and indeed instructed, the dredging contractor to exceed those limits. Our sister court in *209 the Third District has held, in State v. Municipal Auto Sales, Inc., Fla.App.3rd 1969, 222 So.2d 278, that "a corporation may be held criminally responsible for illegal acts of its employees if the acts are (a) related to and committed within the course of employment, (b) committed in furtherance of the business of the corporation, (c) authorized or acquiesced in by the corporation."
The appellant relies substantially on People v. Canadian Fur Trappers' Corporation, 1928, 248 N.Y. 159, 161 N.E. 455. That case involved an alleged corporate practice of selling fur coats, taking deposits and holding the coat until the balance was paid. The problem which caused reversal was created by the ambiguity left by the trial judge in excluding evidence of witnesses tending to show that the practice of reselling coats to two or more customers was that of the corporation instead of the salesman involved in the particular case. This is nothing more than an illustration of the state's duty to exclude hypotheses of innocence. The following principle was held however to be a correct statement of the law governing corporate criminal liability: "The defendant is liable in a prosecution for larceny only for acts which it authorizes through action of its officers or which is done with the acquiescence of its officers, and, unless the jury find beyond a reasonable doubt that such authority or acquiescence, there must be an acquittal." The court went on to quote with approval a prior case, People v. Hudson Valley Construction Co., 1916, 217 N.Y. 172, 111 N.E. 472, "The proof permitted the jury to find that the wrongful acts attributed to the employees and agents of the defendant were performed in its service so methodically and continuously as to indicate the sanction of the corporation. The court properly charged that the corporation could act only through its officers and agents, and was amenable to the law for the acts of its officers and those of its employees of which it had knowledge." In the Canadian Fur Trappers' case, the appellate court held that the trial court had improperly excluded evidence of other transactions which would tend to exclude the hypothesis of individual guilt and tend to prove corporate guilt.
The law of corporate criminal responsibility is covered comprehensively in Commonwealth v. Beneficial Finance Co., Mass. 1971, 275 N.E.2d 33. In that 109 page opinion all of the law one might require is either quoted or cited, especially relevant passages being found at pages 80 to 86. We think the Massachusetts court correctly stated the rule that "a corporation is criminally liable for the acts of an agent who has been vested with the authority to act on behalf of the corporation in the sphere of corporate business in which he commits the criminal act" (id. at 80).
The fact that Wittman was a vice-president is not a necessary element of the corporation's criminal liability. The parties acting on behalf of the defendants in the Beneficial Finance case were not officers. The important point is that they were shown to be acting on behalf of the corporation within the limits of their authority.
In cases like the Canadian Fur Trappers' case, there are, of course, problems of proof. It must be shown that the larceny is that of the corporation and not of a dishonest employee. While the standard of proof is the same in the present case, the implications which the evidence permits exclude the hypothesis of innocence. While the money taken in by the fur salesman in the Canadian Fur Trappers' case may have gone into the pockets of individuals, the dirt dredged from the Caloosahatchee went onto the land of a corporation. The verdict of guilt was within the province of the trier of fact and the judgment is
Affirmed.
McNULTY and GRIMES, JJ., concur.