Howard E. Goldfluss, J.
A motion to acquit has been made by the defendant after trial. The defendant is charged with violation of section 155.25 of the Penal Law in that he did steal certain property belonging to, or in the custody of complainant, Mr. James Yew, an art dealer. The defendant made three visits (Nov. 17, 1973, Nov. 27, 1973 and Dec. 1, 1973) to the premises of the complainant, Mr. Yew, and did obtain certain paintings and sculpture. These works of art, according to Mr. Yew, were requested for sale. The proceeds minus defendant’s commission were to be transmitted upon completion of each transaction.
The witness, Mr. Yew, alleged that almost $12,000 of merchandise was obtained in this manner. The complainant further testified that he never received either the proceeds or merchandise, although duly demanded of the defendant on several occasions, both orally and in writing.
Counsel stipulated to the concession that the defendant had sold a portion of the merchandise to Andrew Crisipo. The People presented as a witness, Detective Pat Balardo, who stated that as a result of her interview with Mr. Yew in April, 1974, and a conversation on July 11, 1974, she and her partner, Detective Volpe, proceeded to the defendant’s apartment at 77 Columbia Street, Apartment 18J. She said that through her expertise she recognized certain paintings owned by Mr. James Yew and she conversed with the defendant concerning these paintings. She asked the defendant why he did not pay the complainant. She stated that there had been several similar complaints from other art dealers about the defendant, namely, that he would accept works of art on consignment and never pay for them or return them. She testified that defendant answered "So what?”, even though he added that when he had the money, he would pay for them. She asked the defendant whether or not he received letters, memoranda or notes, that the complainant, James Yew, left at the defendant’s home or sent through the mail. The defendant stated "I’ve got every piece of paper that anybody ever sent me.” He acknowledged that one other dealer was suing him for the return of merchandise.
Defendant relies on paragraph (d) of subdivision 2 of section 155.05, which reads: "In any prosecution for larceny based upon a false promise, the defendant’s intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not *977 performed. Such a finding may be based only upon evidence establishing that the facts and circumstances of the case are wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant’s intention or belief that the promise would not be performed”.
Professor Denzer, in the commentary to section 155.05 of the Penal Law states with regard to larceny by false promise: "It is true that an enlargement of this nature calls for cautious drafting in order to exclude cases essentially civil in character and amounting to little more than breaches of contract. Out of this consideration, the provision in question requires that the larcenous promise and transaction clearly be the product of a preconceived 'scheme to defraud’ and predicates a very high standard of proof for establishment of the promisor’s fraudulent intent.” (Denzer and McQuillan, Practice Commentaries, McKinney’s Cons. Laws of NY, Book 39, Penal Law, § 155.05, p 419.)
Based upon the facts disclosed in this case and in light of the design and limitations of this statute, I find that the evidence establishes the guilt of the defendant beyond a reasonable doubt. Evidence of his obviously false promises, failure to respond to the varied correspondence from the complainant requesting payment or return, the concession that sales have been completed, the admission by defendant to other similar transactions (which, though they are not charged in the information, are admissible to support the inference that the act charged was not innocently or inadvertently committed. [People v Hudson Valley Constr. Co., 217 NY 172]), and defendant’s failure to produce evidence to show innocent intent or belief, require the conclusion that to a moral certainty fraudulent intent has been proved. In finding this defendant guilty of the offense charged, every hypothesis, except that the promise was never intended to be fulfilled, was excluded by the evidence.
The defendant is found guilty as charged.