Filed 5/2/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| REBECCA OSBORNE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>TODD FARM SERVICE, et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B260280<br>(Super. Ct. No. 56-2012-00416941-CU-PO-VTA<br>(Ventura County) |

An attorney is an officer of the court. He or she must respect and follow court orders whether they are right or wrong. (*People v. Pigage* (2003) 112 Cal.App.4th 1359, 1374; Bus. & Prof. Code §6068, subd. (b).) These time honored rules were lost upon counsel. The trial court dismissed with prejudice his client's complaint for personal injuries during jury trial as a sanction for repeated violations of its orders excluding hearsay and opinion testimony. Appellant contends the trial court abused its discretion in granting the terminating sanction and erred when it granted respondents' motions *in limine*. We affirm.

*Facts*

Appellant was employed as a stable maintenance worker at the Ojai Valley School. One of her job duties was to lift and move hay bales to feed horses kept at the school. In May 2010, she climbed to the top of a stack of hay bales, to throw one of the upper bales down to the ground. When she inserted hay hooks into the bale to move it,

the bale gave way causing her to fall 11 feet to the ground. Appellant was severely injured in the fall. Neither the bale or its strapping were preserved after the fall.

Todd Farm Service (Todd) sold and delivered the hay bale to Ojai Valley School. Todd produced documents indicating that it purchased hay from three suppliers in the six months before appellant's accident. One of those suppliers is Berrington Custom Hay Stacking and Transport, Inc. (Berrington) located in Nevada. Todd's other suppliers are located in Southern California.

Appellant's complaint alleged that Berrington manufactured the bale and sold it to Todd. The documents produced by Todd, however, did not establish that Berrington supplied the hay bale involved in appellant's accident. Todd stored hay from various suppliers in the same barn. It did not segregate hay bales by supplier and hay bales received from the various suppliers were comingled in the barn. Todd did not maintain a record of which supplier's hay bales were delivered to a particular customer.

*Expert Designation*

During discovery, appellant failed to make a timely designation of expert witnesses. Instead, after respondents served their designations of expert witnesses, appellant served a "supplemental" designation naming hers. The trial court granted Berrington's motion to strike appellant's supplemental designation. Its minute order explained, "[Appellant] unreasonably failed to designate her experts pursuant to [Code of Civil Procedure] § 2034.260. Having failed to comply with this section, she is not entitled to supplement pursuant to [Code of Civil Procedure] § 2034.280. Even if she were entitled to supplement, her designation is not a true supplement but rather what appears to be a calculated attempt to put [respondent] at a disadvantage as to designation of experts. (See *Fairfax v. Lords* (2006) 138 Cal.App.4th 1019, 1026.)" Appellant does not challenge this order on appeal and as we shall explain, this order precluded her from testifying as an expert as to the derivation of the subject hay bale.

*Motions in Limine*

As trial commenced, respondents, both of them, made two motions *in limine* that are at issue here. Motion *in Limine* No. 2 sought to exclude opinion testimony

2

from appellant, based on the order striking her designation of expert witnesses. Specifically, respondents requested that appellant be precluded from testifying that she could determine the geographic origin of hay bales by looking at the color and texture of the hay, and from offering any other opinions concerning the manner in which hay is cut, harvested, baled, manufactured, stored and moved. Motion *in Limine* No. 4 asked the trial court to preclude appellant, on hearsay grounds, from testifying to any statements made by unidentified Todd employees relating to the "identity" or origin of hay delivered to the school or the bale involved in appellant's accident. The trial court granted both motions.

Appellant made an offer of proof that the defective bale was manufactured by Berrington. She intended to testify that, "The usual alfalfa hay bales Todd Farm delivered to the Ojai Valley School were cut, harvested and baled the same, and they had the same look and texture in that they were really green with a lot of fresh leaf and soft grass stems. From 20 years of experience I could recognize and know really green alfalfa hay bales with fresh leaf and soft grass stems come from up north, where there is more water; whereas alfalfa bales from Southern California are usually browner, with dry leaf and harder grass stems." Berrington is located in Nevada where, appellant believes, there is more water than in Southern California, the location of the other suppliers used by Todd.

Appellant was also prepared to testify that, on one occasion, Todd delivered bales that were "brown, had dry leaf and hard grass stems." The "delivery guys" from Todd told appellant these bales came from Southern California. On May 13, 2010, four days before her fall, Todd delivered bales to the school that appellant "could tell were from Berrington because they were cut-harvested-baled the same, and were really green with a lot of leaf and soft grass stems; which showed they were from the north and not the south." She commented that the horses would love that hay and the delivery men "told me the alfalfa bales looked really fresh because they 'just came off the Berrington truck.'" The bale involved in appellant's accidental fall was one of the bales delivered on May 13.

3

Appellant offered to testify that she saw the delivery men with a receipt identifying Berrington as the supplier of the hay bales. She did not have the receipt itself and had no other documentary evidence that the bale involved in her accident was supplied by Berrington. Appellant's trial counsel represented that the Todd employee who delivered hay bales to Ojai Valley School on May 13 died prior to trial.

In granting respondents' Motion *in Limine* No. 4, the trial court concluded appellant's proposed testimony concerning statements made by Todd delivery men and the contents of their delivery receipt or ticket was hearsay because the testimony would be offered against Berrington, to prove the truth of her assertion that the hay bale came from Berrington. It admonished appellant's trial counsel, "There should be no reference to Berrington paperwork or mention the name 'Berrington' by the delivery people." In response to questions from appellant's counsel, the trial court further clarified that its ruling also applied to appellant's proposed testimony that she was told "the green stuff is from up north, which again would be hearsay to her."

*Trial*

Appellant's trial counsel disregarded these admonitions in his opening statement. He asserted the evidence would show "that the hay bale that broke causing the fall and serious injuries to [appellant] came from the Berringtons." Appellant's counsel informed the jury that appellant would testify "she knows the alfalfa was from Berrington. Looking at the alfalfa hay that came from up north in Northern Nevada from the Berringtons, it was greener. It didn't contain the dryer hard stems that she noticed in other deliveries." He later said, "The evidence is also going to show that the horses loved the Berrington hay. Berrington hay was a higher quality hay." Rejecting the defense theory that "no one keeps track of the hay," counsel assured the jury that appellant "could tell, depending on the bales, which general area the bales were coming from. . . . [¶] She saw that the bales from Berrington were greener, they appeared fresher, and they had soft grass stems. And the horses did much better, much happier with those bales." Trial counsel also informed the jury, "[Appellant] knows these are Berrington bales as well because she saw a delivery receipt." At that point, respondents objected and the trial

4

court instructed the jury to disregard "any reference to a receipt . . . ." It also informed appellant's trial counsel, "You're violating a previous ruling of the court . . . ."

Within a few minutes of this exchange, appellant's trial counsel informed the jury, "We have the exact date [the hay bales] were delivered on May 13th. We have the delivery ticket." This prompted another instruction from the trial court for counsel to "move on, please."

At the next recess, respondents' counsel expressed concern that appellant's counsel "didn't grasp the meaning of the motions in limine" because he kept referring to matters that had been excluded. Appellant's counsel responded, "Your honor, the – we have the delivery tickets. We have the sales receipts . . . . [¶] If she saw a delivery receipt, why can't we say that?" The trial court repeated its prior ruling that, "there can be no reference to an alleged word 'Berrington' on a delivery ticket that we don't have." Appellant's counsel represented, "we do have the Berrington delivery tickets. We also have the Todd sales receipts. We do have those documents." Berrington's counsel objected, "He doesn't have a delivery ticket that says 'Berrington' on it. He never did." The trial court denied respondents' motion for a mistrial but warned appellant's counsel, "[Y]ou are flirting with [a mistrial] if you continue to try and violate or get around it in a way that is inappropriate. . . . [¶] So no mention of the word 'Berrington' on a clipboard or on a piece of paper that was present at the time of any delivery by Todd Farm. That's the ruling."

During his direct examination of appellant, counsel asked her at least five times whether her supervisor told her where the hay deliveries came from. The trial court sustained objections to each question. At the next recess, the trial court stated its belief that appellant's counsel, "seem[s] to be driving at an area that I've already ruled you can't go to. So I don't know what the relevance of where the hay came from would be other than to get to the hearsay that's been excluded." Appellant's counsel explained he was trying to establish that Todd delivered all of the school's hay. The trial court reminded appellant that Todd's delivery of the hay was not in dispute and that testimony about where Todd got the hay has been ruled inadmissible. It concluded, "So to be clear, Mr.

5

Murphy, there's to be no testimony in front of the jury that the hay came from Berrington or that anybody said that or that any piece of paper said that, unless I approve it in advance. Or anything that resembles what I just described."

Appellant's counsel stated he was planning to ask appellant if she had ever seen a receipt from Berrington confirming its delivery of hay to Todd. The trial court responded, "And that would be – sounds to me like it's going to be a direct violation of my order." After additional argument from appellant's counsel, the court warned counsel, "[Y]ou're just proving the point that everybody's worried about, that you're not going to abide by the ruling and one way or another you're going to try and sneak [excluded testimony] in."

The next morning, appellant re-argued her objections to the orders *in limine*, offering to testify that she saw Todd delivery receipts identifying Berrington as the supplier of hay bales delivered to the school. The trial court declined to change its prior ruling, reasoning that appellant "utterly failed" to link Berrington to the hay delivered to the school.

Appellant's direct examination continued. Despite the trial court's prior ruling, counsel asked appellant whether she could "tell what kind of hay" was in the bales, and whether she could tell, "from looking at hay the different qualities of hay[.]" The trial court sustained objections to these questions and to others that appeared to call for hearsay or expert opinions.

After the jury was excused for lunch, appellant's counsel reargued the evidentiary rulings. Appellant offered to testify that she could see the difference between alfalfa and straw, and recognized the bale involved in her accident as alfalfa. The trial court declined to change its prior ruling.

Appellant resumed her testimony after the lunch recess. The following exchange occurred:

Q: The hay bale that you were moving, the one where the twine broke apart, do you remember that bale of hay?

A: I do.

6

Q:      Do you remember what that bale of hay looked like?

A:      Yes.

Q:      Do you have that in your mind, the bale – that bale of hay?

A:      Yes.

Q:      You have not forgotten it have you?

A:      No, I have not.

Q:      If you close your eyes, can you see that bale of hay as it broke apart?

A:      Yes, I can.

Q:      Where did that bale of hay come from?

A:      Berrington.

The trial court immediately excused the jury. In the argument that followed, the court referred to the line of questions as "flagrant, flagrant misconduct. Flagrant misconduct in violation of the Court['s] repeated rulings." Appellant's counsel denied the exchange had been planned, insisting that he only asked appellant whether she knew where the hay had been delivered from, not where it was grown and baled. Respondents requested the case be dismissed with prejudice as to all defendants, as a sanction for appellant's misconduct. Appellant's counsel contended the jury should be instructed to disregard the offending testimony.

The trial court rejected appellant's explanations. It ordered the case dismissed with prejudice against all defendants, "[a]s a sanction against both [appellant's counsel] and [appellant] for flagrant and repeated violations of the Court's order, and this isn't the first one but this one takes the cake . . . ."

*Standard of Review*

"'Broadly speaking, an appellate court reviews any ruling by a trial court as to the admissibility of evidence for abuse of discretion.' (*People v. Alvarez* (1996) 14 Cal.4th 155, 201.)" (*People ex rel. Lockyer v. Sun Pacific Farming Co.* (2000) 77 Cal.App.4th 619, 639.) This deferential standard of review applies to our review of the trial court's determination whether evidence is relevant (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281); whether to receive lay opinion testimony (*Osborn v.*

7

*Mission Ready Mix* (1990) 224 Cal.App.3d 104, 112); whether proffered evidence constitutes inadmissible hearsay (*Thompson v. County of Los Angeles* (2006) 142 Cal.App.4th 154, 168); and whether evidence should be excluded *in limine*. (*Hernandez v. Paicius* (2003) 109 Cal.App.4th 452, 456 [disapproved on another ground, *People v. Freeman* (2010) 47 Cal.4th 993, 1007].)

We reject appellant's contention that we should apply the standard of review applicable to an order granting a nonsuit, because the trial court's orders *in limine* effectively excluded all evidence relevant to an essential element of her causes of action. (See, e.g., *Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 28.) In *Edwards, supra*, the motions *in limine* "constituted an objection to any and all evidence on the grounds appellants' pleadings were fatally defective and failed to state a cause of action. As such, they operated as a general demurrer to appellants' complaints or a motion for judgment on the pleadings." (*Id.*, at p. 27.) Here, by contrast, the trial court excluded two discreet categories of evidence: opinion testimony regarding the source of the defective hay bale and hearsay on the same subject. It did not exclude all possible evidence supporting appellant's claims. For example, she could have questioned Todd about the quantity of hay it purchased from each of its suppliers, and about its storage, record keeping and delivery practices. Because the orders *in limine* did not have the effect of granting a nonsuit or judgment on the pleadings, the abuse of discretion standard of review applies.

California courts possess inherent power to issue a terminating sanction for "pervasive misconduct[.]" (*Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 765.) We accept the trial court's factual determinations concerning misconduct if they are supported by substantial evidence. (*Sauer v. Superior Court* (1987) 195 Cal.App.3d 213, 230.) We review the order to issue a terminating sanction based on those factual findings for abuse of discretion. (*Slesinger, Inc. v. Walt Disney Co., supra*, 155 Cal.App.4th at p. 765.)

In deciding whether the trial court's orders excluding evidence or its order terminating the action as a sanction for misconduct constituted an abuse of discretion, we

8

"view the entire record in the light most favorable to the court's ruling, and draw all reasonable inferences in support of it. [Citation.] We also defer to the trial court's credibility determinations. [Citation.] The trial court's decision will be reversed only 'for manifest abuse exceeding the bounds of reason.' (*Kuhns v. State of California* (1992) 8 Cal.App.4th 982, 988.)" (*Slesinger, Inc. v. Walt Disney Co.*, *supra*, 155 Cal.App.4th at p. 765.) From the cold record, we do not know if counsel's "pervasive misconduct" was intentional, negligent, or resulted from ignorance. But the record shows the trial court did not credit counsel's explanation (ante p. 7) and believed that counsel acted intentionally. We are bound by this implied credibility finding.

*Opinion Testimony*

Appellant contends the trial court abused its discretion when it made orders excluding evidence that were tantamount to a nonsuit and when it granted the terminating sanction. There was no abuse.

The trial court permitted appellant to testify about the appearance of hay bales delivered to the school. It excluded her opinion testimony that the hay bale involved in her fall must have come from Berrington because of its color and other characteristics. This order was not an abuse of discretion.

If appellant's opinion testimony was offered as an expert opinion, the trial court properly excluded it based on her failure to make a timely designation of expert witnesses. (*Fairfax v. Lords* (2006) 138 Cal.App.4th 1019, 1025-1027; *Zellerino v. Brown* (1991) 235 Cal.App.3d 1097, 1117-1118.) If appellant's testimony was offered as a layperson's opinion, it was properly excluded because no layperson can express an admissible opinion on where hay was grown and baled. A layperson's opinion testimony is admissible only if it is "(a) Rationally based on the perception of the witness; and (b) Helpful to a clear understanding of his [or her] testimony." (Evid. Code, § 800.) Appellant could not, and did not, demonstrate her opinions about the appearance of hay bales had any rational basis. The trial court correctly excluded her opinion testimony. (See, e.g., *Jambazian v. Borden* (1994) 25 Cal.App.4th 836, 848-849 [rejecting the argument that "a lay witness may render a medical opinion as to whether a patient has a

9

condition which requires particular advice be given as to the risks of a surgery[,]" because the diagnosis of medical conditions and the risks associated with them are not matters within the general knowledge of laypersons].)

*Hearsay*

The trial court also correctly granted respondents' Motion *in Limine* No. 4, to exclude hearsay regarding the source of the hay bales. Appellant offered to testify that Todd's delivery person told her the hay bales came from Berrington. She would also have testified that the same delivery person had a receipt identifying Berrington as the supplier of the hay bales. This testimony was properly excluded as hearsay because appellant offered it to prove the truth of her assertion that the hay bale involved in her accident was supplied by Berrington. (Evid. Code, § 1200.)

Appellant contends the delivery person's statement was an admission or a declaration against interest by Todd. (Evid. Code, §§ 1222, 1230.) There was, however, no evidence the delivery person was authorized by Todd to make statements on its behalf. Without that foundation, neither exception to the hearsay rule applies. (*WT Grant Co. v. Superior Court* (1972) 23 Cal.App.3d 284, 286; *O'Mary v. Mitsubishi Electronics America, Inc.* (1997) 59 Cal.App.4th 563, 569.) Moreover, as the trial court correctly reasoned, the evidence was irrelevant with respect to Todd because Todd stipulated that it delivered the hay bale involved in the fall.

Even if the testimony would have been admissible against Todd, it was hearsay with respect to Berrington. The delivery person was employed by Todd, not Berrington. There is no evidence he was authorized to do or say anything on behalf of Berrington. (Evid. Code, § 1222.)

The trial court also correctly excluded appellant's proffered testimony that she saw Todd's delivery person with a delivery "ticket" or receipt identifying Berrington as the source of the hay bale. Writings, such as a delivery receipt, must be authenticated before they, or secondary evidence of their contents, may be admitted into evidence. (Evid. Code, § 1401.) Authentication means evidence that the writing is actually what its proponent claims it to be. (*Jacobson v. Gourley* (2000) 83 Cal.App.4th 1331, 1334.)

10

Appellant failed to provide any such evidence. She did not possess the physical document to which her testimony referred and no other witness who claimed to have seen it. Todd, the alleged source of the document, testified that no such receipt ever existed. He did not segregate hay in his barn by supplier and he did not document the supplier of hay included in any delivery. Based on this evidence, it was well within the trial court's discretion to find that appellant failed to prove the preliminary facts necessary to admit her testimony about the delivery receipt into evidence. (Evid. Code, § 403.)

*Terminating Sanction*

Appellant contends the trial court issued a "hasty" dismissal of her case and abused its discretion because it did not first issue monetary, or other less severe sanctions. Trial courts have inherent authority to control the proceedings before them. (*Cottle v. Superior Court* (1992) 3 Cal.App.4th 1367, 1377.) This includes the authority to impose a terminating sanction where a party willfully violates the court's orders. (*Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1223; *Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1292.) In reviewing the order, "our task is not to supplant our own judgment for that of the trial court, but to ascertain whether the trial court abused its discretion by imposing a terminating sanction." (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1183; see also *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448-1449 [abuse of discretion on appeal].) The question "is not whether the trial court should have imposed a lesser sanction; rather the question is whether the trial court abused its discretion by imposing the sanction it chose." (*Do It Urself Moving & Storage, Inc. v. Brown, Leifer, Slatkin & Berns* (1992) 7 Cal.App.4th 27, 37.) It did not.

Appellant misstates the record when she claims the dismissal was prompted by a single violation of the trial court's evidentiary orders. Our review of the record, as recited ante, discloses numerous occasions during appellant's opening statement in which counsel mentioned matters that had specifically been excluded. Similarly, during his direct examination of appellant, counsel repeatedly asked questions calling for excluded evidence. This occurred after the trial court had revisited and clarified its evidentiary rulings at least three times. Appellant's counsel repeatedly disregarded the trial court's

11

orders by asking appellant questions relating to the source of hay delivered to the school and her opinions regarding its appearance and condition. The trial court rationally determined he would continue to feign misunderstanding its evidentiary rulings and to solicit testimony on excluded matters. In these circumstances, the dismissal order was not an abuse of discretion.

Nor did the trial court err in dismissing the action as to both Berrington and Todd. The case was dismissed because appellant willfully and repeatedly violated the trial court's orders *in limine*. This misconduct was unduly prejudicial to both respondents. By repeatedly attempting to solicit testimony that had been excluded, appellant was attempting to give jurors the impression that respondents, both of them, were hiding the truth. In most, if not all of the previous rulings, both respondents were objecting to the violations of the *in limine* orders. In a multi-defendant case, there is no rule requiring that misconduct must relate to a specific defendant as a prerequisite to a terminating sanction as to that defendant. (See, e.g., *Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 301 [terminating sanction may benefit any party who "shows it suffered detriment as the result of the sanctioned party's" misconduct].)

Had the trial court limited its dismissal order to Berrington, Todd would have been left to bear the burden of the jury's suspicions alone. The terminating sanction was an appropriate response to appellant's repeated flagrant misconduct and consistent with the trial court's inherent authority to "compel[] 'obedience to its judgments, orders and process.'" (*Sauer v. Superior Court* (1987) 195 Cal.App.3d 213, 230.)

12

*Conclusion*

The judgment of dismissal is affirmed.  Costs to respondents.

<u>CERTIFIED FOR PUBLICATION.</u>


                                                YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.


13

Vincent J. O'Neill, Judge

Superior Court County of Ventura

_____

Litigation and Advocacy Group, Glenn A. Murphy, for Plaintiff and Appellant.

Paul B. Blatz, attorney for Defendant and Respondent, Steven Jackson Todd, dba Todd Farm Service.

Yukevich, Cavanaugh, James J. Yukevich, Cristina M. Cimineli and Patrick J. Cimmarusti, attorneys for Defendant and Respondent, Berrington Custom Haystacking & Transport, Inc.

Diederich & Associates, Robert E. Henke, attorney for Defendants and Respondents, Gary M. Berrington and Phyllis S. Berrington.