Filed 8/23/16  Snyder v. Snyder CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOANNE SNYDER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BARRY SNYDER,<br><br>    Defendant and Respondent. | 2d Civil No. B264773<br>(Super. Ct. No. 1466429)<br>(Santa Barbara County) |

Plaintiff Joanne Snyder appeals a judgment in favor of defendant Barry Snyder arising from a terminating discovery sanction.[1]  We reverse and remand.

### FACTS

Joanne sued her former husband, Barry, alleging Barry breached a contract to pay for their children's college expenses.  Barry served interrogatories and demands for production of documents on Joanne on September 17, 2014.

Joanne refused to provide complete discovery responses.  Barry filed motions to compel further responses on December 5 and 23, 2014, and January 14, 2015.  The trial court heard the motions to compel further responses on February 11, 2015.  The court found that Joanne's discovery responses were inadequate and that her objections were not made in good faith.  The court continued the matter for one week to allow Joanne to comply with the discovery demands.

---

[1]We hereafter use the parties' first names for clarity, not out of disrespect.

At the hearing one week later, Joanne's attorney represented to the trial court that he had mailed further discovery responses. The court continued the matter for another week.

At the hearing on February 25, 2015, Barry told the trial court that Joanne had failed to produce all of the documents and answer all the interrogatories. Joanne claimed Barry's discovery demands required the production of a large number of documents and invaded her privacy. The court rejected her arguments and ordered her to produce all documents and respond to all interrogatories by March 13, 2015.

On March 11, 2015, Barry received answers to some, but not all, of the interrogatories. One day later, Barry sent Joanne a copy of the trial court's minute order requiring her response to all interrogatories and demands for production of documents.

On March 17, 2015, having received no further response, Barry filed the instant motion for evidentiary or terminating sanctions. Hearing on the motion was noticed for April 15, 2015.

Joanne did not file her opposition to the motion until April 13, 2015, two days before the hearing. She claimed Barry did not send her a copy of the trial court's February 25, 2015, minute order, and she promised further responses to his discovery demands. She also claimed that the discovery order was not clear.

The trial court granted Barry's motion for terminating sanctions. Joanne failed to comply with discovery demands, failed to comply with the court's February 25, 2015, discovery order, and failed to file a timely response to Barry's motion. The court concluded that a lesser sanction would not "get plaintiff's attention."

DISCUSSION

Joanne contends the trial court abused its discretion in dismissing her entire action with prejudice. The trial court has broad discretion to impose discovery sanctions. (*Calvert Fire Ins. Co. v. Cropper* (1983) 141 Cal.App.3d 901, 904.)

We appreciate the trial court's frustration that led it to impose a terminating sanction. Joanne had ample opportunity to comply with Barry's discovery demands. Instead, she forced Barry to file multiple motions to compel discovery and the trial court

2.

to hold multiple hearings on her failure to comply. Joanne refused to comply even after the trial court issued a direct and unambiguous discovery order.

Joanne argues that the trial court failed to consider lesser sanctions first. The court stated it was "at a loss to fashion a less severe alternative to a terminating sanction."

The trial court was clear when it ordered that Joanne provide all responsive documents and complete answers to all interrogatories. This she repeatedly failed to do. Joanne waited nearly a month before filing her opposition to terminating sanctions. We understand how the court concluded it was "at a loss to fashion a less severe alternative to a terminating sanction." We are also mindful that, on appeal, the evidentiary and monetary sanctions Joanne suggests the trial court could have imposed, she did not urge at trial.

Nevertheless, we are persuaded by our colleague's insights about terminating sanctions in discovery as expressed in *Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566. Despite the trial court's broad discretion in imposing sanctions for discovery abuses, "the courts have long recognized that the terminating sanction is a drastic penalty and should be used sparingly. [Citation.] A trial court must be cautious when imposing a terminating sanction because the sanction eliminates a party's fundamental right to a trial, thus implicating due process rights. [Citations.] The trial court should select a sanction that is ' " 'tailor[ed] . . . to the harm caused by the withheld discovery.' " '[Citation.] ' "[S]anctions 'should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery.' " ' " (*Id*. at p. 604.)

*Lopez* stresses, "The discovery statutes thus 'evince an incremental approach to discovery sanctions, *starting* with monetary sanctions and *ending* with the ultimate sanction of termination.' [Citation.] Although in extreme cases a court has the authority to order a terminating sanction as a first measure [Citations.], a terminating sanction should generally not be imposed until the court has attempted less severe alternatives and found them to be unsuccessful and/or the record clearly shows lesser

3.

sanctions would be ineffective . . . ." (*Lopez v. Watchtower Bible & Tract Society of New York, Inc. supra*, 246 Cal.App.4th at p. 604.)

The trial court could have precluded Joanne from introducing documents or information at trial that she had refused to produce during discovery. Or, as suggested in *Lopez*, the trial court could have imposed a significant monetary penalty for every day Joanne did not produce the requested documents.

Joanne argues that Barry's motion to compel further responses was not accompanied by a separate statement as required by the California Rules of Court, rule 3.1345(d). Although not pertinent here, the lack of a separate statement is grounds for denying the motion, but that would not prevent a trial court from granting a motion to dismiss. (*Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 409, fn. 14.)

On remand the trial court shall exercise its discretion to consider sanctions it deems appropriate to impose against Joanne short of an outright dismissal. Should that fail, a terminating sanction may well be appropriate.

We reverse the order and judgment granting terminating sanctions. Each party is to bear his or her own costs.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.


I concur:


TANGEMAN, J.


4.

YEGAN, J., Dissenting:

I respectfully dissent.

The rules concerning abuse of discretion on appeal are well known and need not be repeated. (See e.g., *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448-1450.) Appellant has not demonstrated that this discretionary decision exceeded the bounds of reason or was arbitrary, capricious, or whimsical. To the extent that *Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566 dictates or even suggests a contrary result, I am in disagreement. This was not a "hasty" dismissal and even if some theoretical lesser sanction may have worked, the only issue is whether the sanction chosen was an abuse of discretion. It was not. (*Osborne v. Todd Farm Service* (2016) 247 Cal.App.4th 43, 53-54.) I would affirm the order of dismissal.

NOT TO BE PUBLISHED.

YEGAN, J.

1

James E. Herman, Judge

Superior Court County of Santa Barbara

_____


Ferguson Case Orr Paterson, LLP, Wendy C. Lascher, and Joshua S. Hopstone for Plaintiff and Appellant.

Snyder Law, LLP, Barry Clifford Snyder, and Jeffrey Y. Choi for Defendant and Respondent.