Filed 1/21/14  Valdivia v. Castillo CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| MAYGEN VALDIVIA, a minor etc. et al., | B247766 |
| Plaintiffs and Respondents, | (Los Angeles County |
| v. | Super. Ct. No. VC058774) |
| CARLOS CASTILLO et al., | |
| Defendants; | |
| KABATECK BROWN KELLNER LLP, | |
| Petitioner and Appellant. | |

APPEAL from orders of the Superior Court of the County of Los Angeles, Robert Higa, Judge.  Affirmed.

Kabateck Brown Kellner, Richard L. Kellner, Douglas A. Rochen for Petitioner and Appellant.

No appearance for Plaintiffs and Respondents.

# INTRODUCTION

Petitioner and appellant Kabateck Brown Kellner LLP (the law firm) appeals from the trial court's order granting, in part, the law firm's petitions for an award of attorney fees made in connection with the approval of two minors' compromises. According to the law firm, the trial court committed legal error when it applied a preempted local rule to reduce the amount of attorney fees awarded from the requested 40% of the minors' recovery to 25%.

We hold that because the record does not reflect that the trial court applied the wrong legal standard, the law firm's claim of legal error is unsubstantiated. We therefore affirm the order awarding attorney fees.

# PROCEDURAL BACKGROUND

Maygen and Adrian Valdivia (minors), through their guardian ad litem David Valdivia, sued several defendants for the wrongful death of their mother. The law firm represented the minors.[1] According to the minors, defendant Carlos Castillo, while

---

[1] Although the record reflects that the minors were represented by the law firm and an associate counsel in the trial court, there has been no appearance for the minors in this appeal. In *Gonzalez v. Chen* (2011) 197 Cal.App.4th 881, 888 (*Gonzalez*), the court explained the conflict of interest that exists when, as here, a minor's attorney appeals an attorney fees award. "When a minor's attorney plans to appeal an award of attorney fees or is likely to seek additional attorney fees on remand and a contingency fee agreement must be considered, 'a conflict of interest necessarily exists between the claimants and their attorneys who both seek to maximize their own percentage of an award.' (*In re Vioxx Products Liability Litigation* (E.D.La. 2009) 650 F.Supp.2d 549, 560.) 'The primary concern regarding contingency fees is that they create conflicts of interest between attorneys and clients which may affect an attorney's diligence and judgment.' (*Wallace on Behalf of Northeast Utilities v. Fox* (D.Conn. 1998) 7 F.Supp.2d 132, 136; see generally *Roa v. Lodi Medical Group, Inc* [(1985)] 37 Cal.3d [920,] 928-930.) Thus, a minor's attorney may find it advisable to resolve any potential or actual conflicts of interest by explaining the appeal to the guardian ad litem *before* filing it. (See, e.g., Rules Prof. Conduct, rule 3-300.)" Here, the proofs of service for the notice of appeal

driving his codefendant employer's van under the influence of alcohol, struck and killed their mother, who, according to defendants, darted out in front of the van while high on methamphetamine.

Following over a year of litigation, the parties agreed to settle the action for $350,000 per minor, for a total recovery of $700,000. The law firm filed petitions for approval of the settlement on behalf of each minor requesting, inter alia, an award of $140,000 in attorney fees to be paid from the recoveries of each minor, for a total award of $280,000. The requested awards were 40% of the recovery of each minor. The petitions were supported by the identical declarations of attorney Douglas Rochen in which he repeatedly referenced California Rules of Court, rule 7.955 (rule 7.955)[2] as the controlling legal authority for setting the amount of the requested awards. The petitions were also supported by a "supplemental attorneys' fees accounting re petition to approve compromise of pending action" that also repeatedly referenced and discussed in detail rule 7.955 and did not mention any local rule.

During the hearing on the law firm's request for attorney fees, the trial court confirmed that it had reviewed the documents filed in support of the petition, including

_____

and the opening brief show that neither the guardian ad litem nor the minors were served with those documents. At oral argument, however, counsel for the law firm represented that he had discussed this appeal with the guardian ad litem.

[2]     California Probate Code section 3601 authorizes a trial court to award, inter alia, attorney fees in connection with the approval of a minor's compromise. Rule 7.955, (a) provides: "**(a) Reasonable attorney's fees [¶]** (1) In all cases under . . . Probate Code sections 3600-3601, unless the court has approved the fee agreement in advance, the court must use a reasonable fee standard when approving and allowing the amount of attorney;'s fees payable from money or property paid or to be paid for the benefit of a minor or a person with a disability. [¶] (2) The court must give consideration to the terms of any representation agreement made between the attorney and the representative of the minor or person with a disability and must evaluate the agreement based on the facts and circumstances existing at the time the agreement was made, except where the attorney and the representative of the minor or person with a disability contemplated that the attorney's fee would be affected by later events." Rule 7.955 (b) lists 14 factors that a trial court *may* consider in determining a reasonable fee award.

presumably the detailed discussion of rule 7.955. "The Court: Attorneys' fees. You have a request for attorneys' fees. And I read that, and I've read your petition and also the request was made earlier too. You had a declaration attached to the petition also. I read those." The trial court then inquired whether the attorney for the law firm wanted to argue, and the attorney replied, "I don't think so, your honor. I think it's fairly well detailed." Believing the law firm's attorney had submitted on the matter, the trial court indicated that it was awarding 25% of the minors' recoveries as attorney fees, not the 40% the law firm had requested.

The attorney for the law firm then argued in favor of the requested award of 40%, explaining the amount of work the law firm performed in obtaining the recoveries for the minors. "[Law Firm's Counsel]: This is an extraordinary case where we went all out through to the brink of trial. The amount of time that we put in—if attorneys, when they put this type of work into a case and do not have the opportunity to get even—this is below the loadstar—you wind up with a situation where you're going to discourage good law firms from taking on this types of cases. [¶] And that's the reason why I think in this particularly unique situation it really is appropriate for us to get more than the 25 percent. And I think we've given a detail of all the work that was done. [¶] I think there were over 20 depositions taken in this case. There were—actually we went so far as to fly our attorneys to Florida to take depositions to maximize the benefit of this case."

In response, the trial court stated, "The Court: We [have] good firms who come in here all the time on those cases. Big time firms coming in here all the time on these cases, and they know they're going to get 25 percent. They go with 25 percent. They do a lot of work on these cases. I have med malpractice cases come in here."

After further argument by the attorney for the law firm, the trial court had the following exchange with the attorneys for the parties. "The Court: All right. As I recall the settlement conference, the same amount was offered at that time. And as I recall, the other side, the one that represented the older kids[3]—they said certainly with the facts in

---

[3]     The minors' adult siblings had also filed wrongful death claims.

this case, they jumped at that as I recall. [¶] I remember this case very clearly. The [minors' mother]—they found the kit right outside the bag out in the middle of the street—right? After she got hit? And it was late at night crossing in the middle of [the] block in the dark—Alondra? Was it Alondra? One of those streets. [¶] [Defense Counsel]: Rosecrans. [¶] [Law Firm's Counsel]: It was on Rosecrans. [¶] The Court: Rosecrans. Yeah, I remember it was one of those streets over there. I remember this case very clearly. And I know the lawyers that were here on your side—they were adamant. They were—they said no, and they were going to go for more. And they were very, very adamant about that, and there's no chance to settle on that side. That's what happen[s] when you settle for the same amount eventually. [¶] [Defense Counsel]: They did after we won the summary judgment which was a matter of weeks. [Plaintiff's Counsel]: I think it was within that same week, your Honor. It was pending summary judgment motion. [¶] [Defense Counsel]: Once we won the summary judgment from one of the parties, they settled immediately. It wasn't the case—I've never done this before. But I can definitely vouch for the amount of time and effort. [¶] The Court: Are you asking—maybe I'll make you pay it then. [¶] [Defense Counsel]: No. [¶] The Court: Well, then readjust [minors]. You're going to get more money in your bank accounts."

Following the hearing on the petitions, the trial court entered a minute order that provided in pertinent part: "Court [g]rants each Petition of Minor's Compromise with the Order to Reduce [attorney fees awarded] from 40% to 25%."

## DISCUSSION

The law firm's challenge to the attorney fees awards is premised on the assumption that the trial court did not apply rule 7.955 in making those awards, and instead applied former Los Angeles County Superior Court Local Rules, rule 10.79(c)(3) that provided, "'Except where good cause is shown, the attorney's fees shall not exceed an amount equal to twenty-five percent (25%) of the gross proceeds of settlement.'" (*Gonzalez, supra,* 197 Cal.App.4th at p. 884, fn. 1.) According to the law firm, the court

5

in *Gonzalez* held that following the promulgation of rule 7.955, trial courts were required to determine "the award of attorney fees under [rule 7.955] not a local rule." (*Id.* at p. 888.)

Contrary to the law firm's assertion, it is not clear from the record that the trial court applied the local rule instead of rule 7.955. The trial court began the hearing on the attorney fees issue by explaining that it had read the law firm's submissions in support of the attorney fees requests. Those submissions made clear that the fee requests were being made under rule 7.955, which, as noted, was discussed in detail in the submissions. Thus, we must assume the trial court was aware of the factors set forth in rule 7.955 and considered them because error is never presumed; the appealing party must affirmatively demonstrate error on the face of the record. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978; and *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295. Any uncertainty in the record must be resolved against the appellant. (*In re Kathy P.* (1979) 25 Cal.3d 91, 102; see also *People v. Contreras* (2009) 177 Cal.App.4th 1296, 1301.)

Although the trial court did discuss the 25% recovery and suggest that such an amount was routinely awarded, it did not mention, much less discuss, the local rule on which the law firm relies. The law firm urges us to assume from the trial court's brief remarks that the court must have based the 25% award on the local rule, but the record, which is, at best, uncertain on the issue, does not support such an assumption. It is the law firm's burden on appeal to affirmatively demonstrate error; but based on the record before us, the law firm has not carried that burden and we therefore resolve any uncertainty against the law firm and presume the trial court applied rule 7.955, i.e., it did not commit the legal error claimed by the law firm. Accordingly, because the law firm has not argued or shown that the 25% awards were an abuse of discretion (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 989 [ruling on attorney fees application reviewed for abuse of discretion]), we affirm the order awarding attorney fees.[4]

---

[4]      "Like the trial court, we must independently research [the attorney's] arguments to determine their validity. Otherwise, the interests of the minor may not be adequately represented and could be overlooked." (*Gonzalez, supra,* 197 Cal.App.4th at p. 888.)

## DISPOSITION

The order awarding attorney fees is affirmed.  No costs are awarded on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

I concur:

MINK, J.*

---

*      Retired Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

I concur in the judgment. I would not indirectly raise any ethical issue concerning the conduct of plaintiffs' counsel who are challenging the sufficiency of a fee award. The brief has been served on plaintiffs' associate counsel. Our evidentiary record contains no evidence of any inappropriate or unethical conduct by the lawyers who are challenging the fee award.

TURNER, P. J.