Filed 7/20/23  D.C. v. Sierra Vista Family Clinic CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| D.C., a Minor, etc.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SIERRA VISTA FAMILY CLINIC et al.,<br><br>    Defendants;<br><br>ABIR COHEN TREYZON SALO, LLP,<br><br>    Claimant and Appellant. | 2d Civ. No. B319465<br>(Super. Ct. No. 56-2017-00493203-CU-MM-VTA)<br>(Ventura County) |

The law firm of Abir Cohen Treyzon Salo, LLP (ACTS), appeals from the judgment after the trial court apportioned attorney fees in a petition for minor's compromise.  The court awarded ACTS 5 percent of the fees after one of its former associates settled the case during her subsequent employment

with another firm.[1]  ACTS contends the court misapplied various statutes and court rules when apportioning fees.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In the fall of 2016, Tyler Conner, as guardian ad litem, signed a contingency fee agreement with the Ratzan Law Group (Ratzan), a Florida law firm, to represent her minor son, D.C., in a medical malpractice case.  Ratzan engaged ACTS to serve as local counsel in Ventura County.  An addendum to the agreement Conner signed with Ratzan specified that ACTS would receive 5 percent of the attorney fees recovered in any settlement.

ACTS assigned one of its associates, Yolanda Medina, to handle D.C.'s case.  Over the next 15 months Medina worked with Ratzan to review the case, strategize litigation, file documents, amend pleadings, and conduct written discovery.  She served as local counsel until Ratzan withdrew from the case in January 2018.

ACTS took over D.C.'s case after Ratzan's withdrawal.  ACTS and Conner signed a contingency fee agreement stating that ACTS would receive the maximum attorney fee allowed under California law if D.C. obtained any recovery: 40 percent of the first $50,000 recovered, 33.3 percent of the next $50,000, 25

_____

[1] ACTS elected to prosecute this appeal with a settled statement in lieu of a reporter's transcript of the hearing on apportioning attorney fees.  But ACTS did not file a proposed statement with the trial court within 30 days of its election.  (See Cal. Rules of Court, rule 8.137(c)(1).)  And when ACTS submitted a tardy proposal the court rejected it as inaccurate after reviewing "the filed documents, declarations[,] and other evidence presented . . . for the hearing."  ACTS then declined to submit another settled statement.  The record on appeal is thus limited to the appellant's appendix.

2

percent of the next $500,000, and 15 percent of any amount over $600,000.  (See Bus. & Prof. Code, former § 6146, subd. (a).)  Medina continued her work on the case while employed with ACTS.  She defended Conner's deposition and took seven depositions.  She also consulted medical providers and expert witnesses, filed various motions and applications, and successfully opposed a motion for summary judgment.

Medina left ACTS in January 2019, joined the Law Offices of Frank Barbaro, APC (Barbaro), and took D.C.'s case with her.  Like the agreement with ACTS, the contingency fee agreement with Barbaro stated that Barbaro would receive the maximum attorney fee legally permitted if D.C. obtained any recovery.  It also specified that half of that fee would go to Medina, with the rest retained by the firm.

Over the next two and a half years, Medina took additional depositions in D.C.'s case.  She continued to consult expert witnesses.  She prepared for and attended mediation, and settled the case in August 2021 for $1.1 million.

Medina subsequently filed a petition for minor's compromise.  Attached to the petition were authenticated copies of the agreements Conner signed with both ACTS and Barbaro, as well as a copy of the addendum to the agreement Conner signed with Ratzan providing that ACTS would receive 5 percent of the attorney fees recovered in any settlement.  Danny Abir, acting on behalf of ACTS, filed a declaration in support of the petition.  Medina objected to Abir's declaration, arguing that it did not address the factors listed in rule 7.955(b) of the California Rules of Court, as required by rule 7.955(c).

The trial court sustained Medina's objection to the Abir declaration and excluded it entirely because it did not comply with applicable court rules.  The declaration also "contradict[ed]

3

the authenticated retainer agreement attached to the [p]etition" for minor's compromise.

The court then granted the petition. It awarded costs to Ratzan, ACTS, Medina, and Barbaro, to be paid out of the attorney fee award, and, "[p]ursuant to the two retainer agreements," 5 percent of the remaining fees to ACTS ($10,800) and 95 percent to Medina and Barbaro ($102,600 each).

## DISCUSSION

ACTS contends the trial court abused its discretion by not awarding it more than 5 percent of the attorney fees for settling D.C.'s case. We disagree.

"In any case in which a trial court approves a settlement involving the payment of funds to a minor, the court must make an order for the payment of reasonable attorney fees." (*Schulz v. Jeppesen Sanderson, Inc.* (2018) 27 Cal.App.5th 1167, 1174 (*Schulz*).) The court must consider "the terms of any representation agreement made between the attorney and the representative of the minor" when awarding such fees. (Cal. Rules of Court, rule 7.955(a)(2).) But it is not required to enforce the agreement's fee provisions; it may deviate from them if they are unreasonable. (*Gonzalez v. Chen* (2011) 197 Cal.App.4th 881, 887; see also Prob. Code § 3601, subd. (a) [including attorney fees among "reasonable expenses"].)

Rule 7.955(b) of the California Rules of Court sets forth 14 nonexclusive factors a trial court may consider when deciding whether an attorney fee is reasonable in a case involving a minor. These factors "pertain mostly to the nature of the legal work involved" (*Schulz, supra*, 27 Cal.App.5th at p. 1174), but also permit a court to "consider 'whether the fee is fixed, hourly, or contingent' " and any " 'statutory requirements for representation agreements [that may be] applicable to [a] particular case[]' " (*id.*

4

at p. 1175, alterations omitted). "A petition requesting court approval and allowance of an attorney[] fee . . . must include a declaration from the attorney that addresses" any applicable factor(s). (Cal. Rules of Court, rule 7.955(c).) We review a trial court's determination on awarding and apportioning attorney fees pursuant to these rules for abuse of discretion. (*Schulz*, at p. 1174.)

ACTS has not shown an abuse of discretion here. As required by rule 7.955(a) of the California Rules of Court, the trial court considered the fee agreements Medina submitted with the petition for minor's compromise, each of which provided for the then-maximum attorney fee allowed under California law. The court then deviated from D.C.'s agreement with ACTS and instead awarded it 5 percent of the fees, the amount set forth in the addendum to D.C.'s agreement with Ratzan. We do not know why the court decided to apportion fees in this manner; ACTS has provided us with neither a reporter's transcript nor a settled statement. Presumably, the court considered the factors set forth in rule 7.955(b) of the California Rules of Court and determined that apportioning fees according to ACTS's agreement with D.C. was unreasonable. (*People v. Mataele* (2022) 13 Cal.5th 372, 414 (*Mataele*) [appellate court presumes trial court properly applies the law].) Without an adequate record, we cannot conclude otherwise. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [claim will be resolved against party challenging attorney fee if they do not provide adequate record].)

Moreover, the attorney fee apportionment appears reasonable. Medina spent approximately five years working on D.C.'s case. She was employed by ACTS for just over two of those years. For nearly three years Medina worked as the principal attorney tasked with litigating D.C.'s case for the Barbaro firm.

She performed extensive work on the case during her tenure there—much more than she did while employed by ACTS, according to her declaration. Given this disparity in the nature and quantity of Medina's work, it was permissible for the trial court to deviate from ACTS's agreement with D.C.

ACTS counters that, in apportioning fees, the trial court failed to recognize that Medina's work on D.C.'s case while an ACTS employee constituted ACTS's property. (See Lab. Code, § 2860 ["[e]verything . . . an employee acquires by virtue of [their] employment . . . belongs to the employer"]; see also *Tucker Ellis LLP v. Superior Court (Nelson)* (2017) 12 Cal.App.5th 1233, 1241 [principle applies to law firms and their employees].) But the only support ACTS provides for this claim is that Medina worked on D.C.'s case while employed by ACTS. This fact alone does not demonstrate that the court failed to attribute Medina's work to its rightful owner. Moreover, it was reasonable for the court to apportion fees based on the value that Medina brought to the case as the attorney who litigated the case from its inception, a value that exceeded the number of hours billed while employed with ACTS. (Cf. *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1138-1139 [more experienced attorney brings more value to case].)

ACTS next asserts the trial court failed to consider its fee agreement with D.C. when apportioning fees, in violation of rule 7.955(a)(2) of the California Rules of Court. On this record we have no way of concluding that it did not. And the record also suggests otherwise: When it rejected ACTS's proposed settled statement, the court indicated that it had reviewed all the evidence presented at the hearing on the petition for minor's compromise. ACTS's fee agreement with D.C. was part of that evidence.

6

Next, ACTS claims the trial court erroneously excluded the Abir declaration, consideration of which would have secured it a greater attorney fee award. But as the court below correctly concluded, the declaration did not set forth facts related to the factors delineated in rule 7.955(b) of the California Rules of Court. It did not, for example, discuss "[t]he nature and length of the professional relationship between" ACTS and D.C. (*id.*, rule 7.955(b)(6)), any constraints imposed by D.C. or Conner (*id.*, rule 7.955(b)(5)), "[t]he novelty and difficulty of the questions involved" in the case (*id.*, rule 7.955(b)(3)), or Medina's experience and sophistication in medical malpractice matters (*id.*, rules 7.955(b)(7) & 7.955(b)(10)). It did not even discuss the most basic facts about the case, such as that it involved a minor (*id.*, rule 7.955(b)(1)), how much it settled for (*id.*, rule 7.955(b)(4)), or that ACTS took it on a contingent basis (*id.*, rule 7.955(b)(12)). Instead, the Abir declaration merely asserted that Medina billed $204,500 on the case—an assertion that might have been relevant to rule 7.955(b)(8) (the "time and labor required" in the case) had it not contradicted the contingency fee agreements Medina submitted to the court. The declaration thus failed to comply with rule 7.955(c), and the trial court did not abuse its discretion in excluding it. (Cf. *Osborne v. Todd Farm Service* (2016) 247 Cal.App.4th 43, 50 [evidentiary rulings reviewed for abuse of discretion].)

Conceding that the trial court may have properly excluded the Abir declaration, ACTS asserts the evidence in Medina's declaration alone shows its entitlement to more than 5 percent of the attorney fees in this case, arguing that that evidence is relevant to several of the factors set forth in rule 7.955(b) of the California Rules of Court. But ACTS points to nothing in the record showing that it made this argument in the court below.

7

We do not consider arguments raised for the first time on appeal. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603 (*Johnson*).)

Finally, ACTS argues—again, for the first time—that the trial court used an inappropriate formula to apportion fees, resulting in a windfall to Medina and Barbaro. We decline to consider this argument. (*Johnson*, *supra*, 47 Cal.4th at p. 603.) And even if we were to do so, without a reporter's transcript or settled statement we have no way to discern whether the trial court did, in fact, apply the wrong fee apportionment formula. We presume otherwise. (*Mataele*, *supra*, 13 Cal.5th at p. 414.)

DISPOSITION

The judgment is affirmed. Respondent D.C. shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

8

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Abir Cohen Treyzon Salo and Boris Treyzon for Claimant and Appellant.

Law Office of Frank P. Barbaro, Yolanda M. Medina; Schlichter, Shonack & Keeton and Jamie L. Keeton for Plaintiff and Respondent.