[No. E026312. Fourth Dist., Div. Two. Sept. 28, 2000.]

GEOFF C. JACOBSON, Plaintiff and Respondent, v.
STEVEN GOURLEY, as Director, etc., Defendant and Appellant.

COUNSEL

Bill Lockyer, Attorney General, Silvia M. Diaz and Jorge M. Otano, Deputy Attorneys General, for Defendant and Appellant.

Allen & Ehrle and T. Douglas Allen for Plaintiff and Respondent.

OPINION

McKINSTER, J.—The Director of the Department of Motor Vehicles (DMV) appeals from a judgment granting a petition for a writ of mandate. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 1999, Geoff C. Jacobson was arrested in Rancho Cucamonga for driving while under the influence of alcohol in violation of Vehicle Code section 23152. A sample of his blood was taken and he surrendered his driver's license to the arresting officer.

At Jacobson's request, the DMV held an administrative hearing to determine whether his driver's license should be suspended. At the hearing, the DMV offered documentary evidence including a document entitled "San Bernardino Co. Sheriff's, Scientific Investigation Division 7-Apr-1999 Report on the Receipt and Examination for Ethyl Alcohol."[1] The document lists four names, including "JACOBSON, GE." Across from Jacobson's name, the document reflected a blood-alcohol level of .16 percent. The analyst is identified as "WHITE." Printed in ink with a rubber stamp at the end of the four entries is the emblem of the San Bernardino County's Sheriff's Department together with the name and address of the department's scientific investigation division.

Over Jacobson's objections, that document (SID report) was admitted into evidence. Relying upon that evidence of the chemical tests of his blood, the hearing officer found that Jacobson had been driving with a blood-alcohol level of .08 percent or more, and that his license should be suspended.

Pursuant to Code of Civil Procedure section 1094.5 and Vehicle Code section 13559, Jacobson filed a petition for a writ of mandate. His petition seeks an order directing the DMV to revoke the suspension of his driver's license on the ground that the hearing officer erred by admitting the SID report. The trial court granted the petition and ordered the DMV to revoke the suspension of Jacobson's driver's license. The DMV appeals.

### ISSUE ON APPEAL

In administrative hearings, "[h]earsay evidence may be used for the purpose of supplementing or explaining other evidence but over timely objection shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." (Gov. Code, § 11513, subd. (d).) The SID report is the only evidence of Jacobson's blood-alcohol level. The DMV concedes that Jacobson objected to its admission as hearsay.

The trial court decided that the blood-alcohol finding was not supported by substantial evidence because the SID report would not have been admissible in a civil action over objection. In particular, it reasoned that the SID report would not have been admissible under the official records exception to the hearsay rule (Evid. Code, § 1280) because the document was not properly authenticated (id., § 1401, subd. (a)). Authentication was lacking, the court said, because the document bore neither a signature nor a seal. (See id., §§ 1452-1453.)

---

[1]There is no indication in the record that the document admitted was a certified copy. (Evid. Code, § 1531.) Therefore, we assume for purposes of our analysis that the document was an original.

■ Although the DMV contends that the trial court erred in several respects by concluding that the SID report was not admissible, one issue is dispositive: whether the report had been sufficiently authenticated to merit admission into evidence. The DMV's sole argument on this issue is that the SID report bore a seal, that pursuant to Evidence Code section 1452 the seal is presumed to be genuine and its use is presumed to be authorized, and that the report itself was therefore sufficiently authenticated to be admitted into evidence. It is mistaken.

## ANALYSIS

■ "Authentication of a writing is required before it may be received in evidence." (Evid. Code, § 1401, subd. (a).) "Authentication of a writing means (a) the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is or (b) the establishment of such facts by any other means provided by law" (*id.*, § 1400), such as by a statutory presumption (1 Jefferson, Cal. Evidence Benchbook (Cont.Ed.Bar 3d ed. 1999) Authentication and Proof of Writings, § 30.11, p. 628; 2 Witkin, Cal. Evidence (4th ed. 2000) Documentary Evidence, § 7, p. 139).

The statutory presumptions (Evid. Code, §§ 1451-1454) affect the burden of producing evidence (*id.*, § 1450). If the facts support the existence of a presumption, "[t]he burden is on the adverse party to introduce evidence sufficient to sustain a finding that the . . . official writing is not genuine in order to dispel the presumption of authenticity or genuineness." (1 Jefferson, Cal. Evidence Benchbook, *supra*, Authentication and Proof of Writings, § 30.36, p. 638, italics omitted.) If the adverse party fails to come forward with evidence that disputes authenticity, the writing must be found to be authentic. (Evid. Code, § 604; 1 Jefferson, Cal. Evidence Benchbook, *supra*, Authentication and Proof of Writings, § 30.36, p. 638.)

■ The DMV relies upon the statutory presumption created by Evidence Code section 1452, which provides in relevant part: "A seal is presumed to be genuine and its use authorized if it purports to be the seal of: [¶] . . . [¶] (b) A public entity in the United States or a department, agency, or public employee of such public entity."

The critical issue here is whether that presumption arose, i.e., whether the emblem on the SID report constitutes a seal.

The Evidence Code does not define "seal," but the Code of Civil Procedure does: "A seal is a particular sign, made to attest, in the most formal

manner, the execution of an instrument." (Code Civ. Proc., § 1930.) In particular, "[a] public seal in this State is a stamp or impression made by a public officer with an instrument provided by law, to attest the execution of an official or public document, upon the paper, or upon any substance attached to the paper, which is capable of receiving a visible impression."[2] (*Id.*, § 1931.) The execution of an instrument is its subscription and delivery. (*Id.*, § 1933.)

If a seal attests to the execution of a document, and if execution means subscription, then it follows that there can be no seal of a document that has not been subscribed. The SID report is not signed by anyone. Therefore, the emblem stamped upon it does not meet the statutory definition of a seal.[3]

The existence of a seal being the only grounds upon which the DMV challenged the trial court's conclusion that the report had not been properly authenticated, that challenge fails. Authentication being an indispensable prerequisite to the admission of documentary evidence (Evid. Code, § 1401, subd. (a)), the DMV has failed to show that the trial court erred by granting the petition for writ of mandate.

### DISPOSITION

The judgment is affirmed.

Hollenhorst, Acting P. J., and Richli, J., concurred.

---

[2]Thus, a seal may be printed in ink by a stamp, as was done here. (See, e.g., Gov. Code, § 8207 [notary seals]; *id.*, § 68074.1 [seals of superior or municipal courts].)

[3]Accordingly, we need not consider whether there is any evidence that the emblem meets the other aspects of the definition of a public seal, e.g., whether it was impressed upon the SID report "by a public officer with an instrument provided by law . . . ." (Code Civ. Proc., § 1931.)