Filed 8/21/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| PALM FINANCE CORPORATION, | B288017 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SC125899) |
| v. | |
| PARALLEL MEDIA, LLC, | **ORDER MODIFYING OPINION** |
| Defendant and Appellant. | **[No change in judgment]** |

THE COURT:

The opinion filed on August 7, 2019, in the above-entitled matter is modified as follows:

On page 3, last paragraph, delete the last sentence: "A court could judicially notice these facts."

There is no change in judgment.

_____

BIGELOW, P. J.             GRIMES, J.             WILEY, J.

Filed 8/7/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| PALM FINANCE CORPORATION, | B288017 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SC125899) |
| v. | |
| PARALLEL MEDIA LLC, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gerald Rosenberg, Judge. Affirmed.

Heath Steinbeck, Steven Alan Heath, and Uyen N. Nguyen for Defendant and Appellant.

Hawley, Troxell, Ennis & Hawley and John F. Kurtz for Plaintiff and Respondent.

———————————————

Palm Finance Corporation sued Parallel Media, LLC to enforce a judgment obtained in the Senior Courts of England and Wales. The sole issue on appeal is the admissibility of a document titled Final Costs Certificate. The trial court rightly admitted this document under Evidence Code section 1452, subdivision (c), so we affirm. Statutory citations are to that code.

On its face, this Final Costs Certificate purports to be a court document from the Senior Courts of England and Wales ordering Parallel Media pay a specific sum to Palm Finance. The document informs readers "The Senior Courts Costs Office at the Royal Courts of Justice Strand, London WC2A 2LL is open between 10 am and 4:30 pm Monday to Friday."

This Final Costs Certificate is just one page. The upper right corner states: "In the High Court of Justice, Senior Courts Costs Office." The date is listed as "2nd July 2013."

In the upper left corner are these words: "Final Costs Certificate, To the Applicant's Solicitor." The document identifies "Applicant" as Parallel Media. Palm Finance is the third "Respondent." The document also lists other respondents.

The text of the Final Costs Certificate addresses itself to Parallel Media as Applicant and reads: "In accordance with the Order dated 27th July 2012, Upon the 3rd Respondent filing a completed bill of costs in this claim. Costs Officer Pigott has assessed the total costs as £37,644.01 including £2,677.50 for the cost of the assessment. You [Parallel Media] must pay the sum of £37,644.50 to the 3rd Respondent [Palm Finance] with 21 days from the date of this order. . . ."

The Final Cost Certificate has an "Address for Payment, To The 3rd Respondent's Solicitors, Isadore Goldman, Solicitors, 12 Bridewell Place, London EC4V 6AP."

The document has instructions on "How to Pay," including "PAYMENT(S) MUST BE MADE to the person named at the address for payment quoting their reference and the court case number."

The Final Costs Certificate has no signature line or signature but bears a red stamp mark near the top. This circular red stamp is about two inches in diameter, with these words in a circular pattern: "* SENIOR COURTS OF ENGLAND AND WALES * COSTS OFFICE." In the middle of the circle is "-2 JUL 2013." Above that date is a symbol of a crown.

Without supporting witness testimony to authenticate it, the trial court properly admitted this document, by virtue of section 1452.

A party seeking to introduce a writing must authenticate it. (§ 1401.) One authenticates a writing by establishing it is what the proponent says it is, *either* by introducing evidence *or* by any other means provided by law. (§ 1400, subd. (b).) One other means provided by law is the presumption section 1452 affords. (Cal. Law Revision Com. com., 29B West's Ann. Evid. Code (1966 ed.) foll. § 1400, p. 389.)

Section 1452, subdivision (c) provides "[a] seal is presumed to be genuine and its use authorized if it purports to be the seal of . . . [a] nation recognized by the executive power of the United States or a department, agency, or officer of such nation." This presumption affects the burden of producing evidence. (§ 1450.)

There is no dispute that England and Wales are nations "recognized by the executive power of the United States," and that the "High Court of Justice" is a department or agency of England and Wales. A court could judicially notice these facts.

3

Because the seal on this document purports to be of an agency of a nation recognized by the executive power of the United States, subdivision (c) of section 1452 creates a presumption this seal is genuine and its use is authorized. Without more, this document is presumptively admissible.

The Law Revision Commission Comments spell out the common sense of this rule about presumptions. A judge cannot judicially notice the authenticity of a writing purporting to be an official writing unless the authenticity of this writing is "of such common knowledge" that it cannot reasonably be the subject of dispute. (§ 452, subd. (g).) This particular document could not itself be the subject of judicial notice because someone could have manufactured something looking just like it on a computer or by other means. Judicial notice would place admissibility beyond challenge, for the parties may not dispute a matter that has been judicially noticed. (Cal. Law Revision Com. com., 29B West's Ann. Evid. Code (1966 ed.) foll. § 1452, p. 427.) Section 1452 provides that an official seal like the one in this case is presumed to be genuine and authorized, unless and until competing evidence is introduced sufficient to sustain a finding that it is not genuine or authorized. This procedure dispenses with the necessity for proof of authenticity when there is no real dispute as to such authenticity, and it also assures the parties the right to contest the authenticity of official writings when there is a real dispute as to such authenticity. (Cal. Law Revision Com. com., 29B West's Ann. Evid. Code (1966 ed.) foll. § 1452, p. 427.)

Parallel Media has never contested the notion a foreign proceeding actually did occur, which culminated in a money judgment against it. Nor has Parallel Media offered any evidence or made any offer of proof that this Final Cost Certificate lacks

4

authenticity. Parallel Media rather has merely, and incorrectly, insisted Palm Finance must do more to authenticate this document. Parallel Media's erroneous argument rests on a misunderstanding of Section 1452, which Palm Finance has satisfied.

Parallel Media cites a decision that cannot alter this analysis. That opinion is *Jacobson v. Gourley* (2000) 83 Cal.App.4th 1331, 1334–1335 (*Jacobson*), which held a stamped police report about an individual's blood alcohol level was inadmissible in a proceeding about whether that person's license should be suspended. *Jacobson* concluded section 1452 did not encompass the stamped report because the report was not signed by anyone, and therefore the emblem stamped upon the report was not a seal.

We reject the application of *Jacobson*'s logic to this case. *Jacobson* did not cite the Law Revision Commission Comments to section 1452, which explain how section 1452's procedure dispenses with the necessity for proof when authenticity is undisputed, and also assures the parties the right to contest authenticity when there is a dispute. Nor did *Jacobson* evaluate sections 1453 and 1454, which create presumptions about domestic and foreign official *signatures* that differ from section 1452's presumption about *seals*. The presumption about seals is different than, and independent of, the presumptions about signatures.

**DISPOSITION**

The judgment is affirmed.  Costs to Palm Finance Corporation.

WILEY, J.

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.

6